UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Whitney Mason,** ) | |
| ) | |
| **Plaintiff,** ) | Case: 1:23-cv-02339 |
| ) | |
| v. ) | |
| ) | |
| **Absolute Integrated Health SC,** ) | |
| ) | |
| **Defendant.** ) | **Jury Trial Demanded** |
| ) | |

# COMPLAINT

Plaintiff, Whitney Mason ("Plaintiff") in support of his Complaint against Absolute Integrated Health SC ("Defendant"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"),

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5. A charge of employment discrimination on basis of race, color, and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff Whitney Mason, resides in Will County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant is a corporation doing business in and Will County whose address is 16310 S. Lincoln Hwy., Suite 124 Plainfield, IL 60586.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

11. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit under Title VII. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff received a Notice of Right to Sue from the EEOC, and Plaintiff

filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

## BACKGROUND FACTS

12. The Defendant hired, Whitney Mason, (Bi-Racial) at Absolute Integrated Health SC as a Receptionist on or around November 11, 2021, until she was constructively discharged on or around October 11, 2022, due to race and color discrimination.

13. The Defendant subjected the Plaintiff to discrimination and a hostile work environment because of her race.

14. The Defendant has subjected the Plaintiff to Race-based discrimination.

15. Plaintiff is member of a protected class because of her race.

16. Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has discriminated against the Plaintiff because of race.

17. Because of the Defendant's action the Plaintiff suffered the adverse employment action of constant and daily racial discrimination all which are a material changes of the employment conditions.

18. Defendant's performance expectations of Plaintiff were met or exceed during the entire duration of Plaintiff's employment.

19. Plaintiff suffered multiple adverse employment actions such as harassment and constructive termination.

20. Plaintiff can show that the adverse employment actions and the discrimination is solely because of her race.

21. Defendants subjected the Plaintiff to different terms and conditions of employment than others not within Plaintiff's protective class because of her race.

22. The Defendant has subjected Plaintiff to a hostile work environment because of race.

23. Defendant subjected the Plaintiff to offensive, degrading and humiliating comments that referenced Plaintiff's race.

24. The environment of discrimination and humiliation pervaded the entire company.

25. Defendant subjected the Plaintiff to different terms and conditions of employment than others not within Plaintiff's protective class because of her race.

26. The Plaintiff was qualified to do perform her duties with the Defendant.

27. The Plaintiff had several years of experience answering phones, taking messages and with overall duties of a reception.

28. In or around July of 2022, a Billing employee, Kristen Frost, stated that she "felt uncomfortable moving to the south because blacks in the south are aggressive".

29. The Plaintiff immediately told Ms. Frost that she was uncomfortable with her comment.

30. However, Ms. Frost did not care that the Plaintiff was offended by her comment.

31. The Plaintiff then reported the comment to her Supervisor Cheryl Tapper.

32. Ms. Tapper stated she had a discussion with Ms. Frost, but no action was taken to prevent Ms. Frost from making further discriminatory comments to the Plaintiff.

33. On or around August of 2022, the Owner, Dr. Nakis, had his brother Tony (LNU), came into the office as a patient.

34. Mr. Tony then made discriminatory comments stating; "the black and white division doesn't exist. Blacks always make that shit more dramatic than it is".

35. Mr. Tony continued to discuss that African Americans are "trouble and start

drama".

36. Ms. Frost then interrupted Mr. Tony's rant to state: "I don't like Whitney because she's black".

37. Ms. Frost made this comment in front of the Plaintiff and everyone present.

38. This was extremely humiliating and offensive.

39. The Plaintiff immediately removed herself from the area and attempted to complete her work.

40. However, an employee, Haley Santora, heard this comment and filed a complaint with Ms. Tapper explaining the situation.

41. Ms. Tapper stated she would have a talk with Ms. Frost.

42. However, again no corrective action was taken allowing the discrimination and harassment to continue and intensify.

43. On or around October 7, 2022, the Plaintiff's coworker, Margaret Banike, was sending a text messages to her boyfriend.

44. He apparently jokingly responded to her text asking who she was, Ms. Banike wanted to play a joke on him and asked the Plaintiff "what should I tell him, since he texted me who is this"?

45. Ms. Banike then said, "I'm going to text him I'm a n**r - like a slave".

46. The Plaintiff was insulted and humiliated by Ms. Banike's comments.

47. The Plaintiff attempted to remove herself from the situation, however Ms. Banike continued and stated "don't misunderstand me, I want to be like those people" in reference to African Americans.

48. The Plaintiff filed a report with the Director of the Clinic, Matthew Schultz, and

5

again no action was taken by the Defendant against the employee.

49. On or around October 12, 2022, The Defendant constructively discharged the Plaintiff because of the ongoing comments directed at her race, and her Employer's refusal to address her complaints.

50. The Plaintiff suffers from mental anguish as a direct result of the Employers unlawful conduct.

51. The Defendant has discriminated against the Plaintiff because of her race and color in violation of Title VII of the Civil Rights Act of 1964, as amended.

## COUNT I
### Demand for Relief for Race-Based Discrimination in Violation of 42 U.S.C. Section 1981

52. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

53. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

54. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

55. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

56. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section

1981.

57. Plaintiff demands this count be tried by a jury.

## COUNT II
### Race-Based Harassment in Violation of Title VII of
### The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

58. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

59. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her race, Bi-Racial, and color, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

60. Defendants knew or should have known of the harassment.

61. The race harassment was severe or pervasive.

62. The race harassment was offensive subjectively and objectively.

63. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her race, Bi-Racial and her color.

64. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Demand for Relief for Race-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

65. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

66. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on their race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

67. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

68. As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

69. By reason of Defendant's discrimination, Plaintiff has suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

70. Plaintiff demands that this count be tried by a jury.

### COUNT IV
**Demand for Relief for Color-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**

71. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

72. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

73. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

74. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

75. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

76. Plaintiff demands that this count be tried by a jury.

8

## COUNT V
### Demand for Relief for Retaliation in Violation of 42 U.S.C. §2000e, *et seq*.

77. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

78. By virtue of the foregoing, Defendant retaliated against Plaintiff based on their reporting the race-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

79. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

80. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

81. By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

82. Plaintiff demands that this count be tried by a jury.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 13th day of April, 2023.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

      a. Back pay with interest;

      b. Payment of interest on all back pay recoverable;

      c. Front pay;

      d. Loss of benefits;

  e.  Compensatory and punitive damages;

  f.  Reasonable attorneys' fees and costs;

  g.  Award pre-judgment interest if applicable; and

  h.  Award Plaintiff any and all other such relief as the Court deems just and proper.

         */s/ Mohammed Badwan*
         **MOHAMMED BADWAN, ESQ.**
         **SULAIMAN LAW GROUP LTD.**
         2500 S. Highland Avenue, Suite 200
         Lombard, Illinois 60148
         Phone (630) 575-8181
         Fax (630) 575 - 8188
         mbadwan@sulaimanlaw.com
         *Attorney for Plaintiff*